Filed 12/13/22  P. v. Shears CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLIE P. SHEARS<br><br>    Defendant and Appellant. | D078792<br><br>(Super. Ct. No. SCD242689) |

APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Reversed and remanded for further proceedings.

Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Lynne G. McGinnis and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

In 2013, a jury found Charlie P. Shears guilty of murder with a robbery-murder special circumstance finding and related crimes. This court affirmed the convictions in 2015. In 2021, the trial court denied Shears's petition for resentencing under Penal Code section 1170.95 (now renumbered section 1172.6).[1] The court based its ruling on the special circumstance finding at Shears's 2013 trial, notwithstanding the California Supreme Court's subsequent guidance on special circumstance liability in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

Shears appealed. After briefing concluded, the California Supreme Court decided *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), holding that special circumstance findings issued by a jury prior to *Banks* and *Clark* do not preclude relief under section 1172.6. (*Strong*, at p. 710.) In a supplemental brief, the People concede that, under *Strong*, the trial court erred. We agree, and reverse and remand for further proceedings.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, a black man wearing a ski mask and gloves entered the Moonlite Market, pulled out a gun, and repeatedly told the owner, Sleiman

---

[1] The section was renumbered without substantive change; we use the current number (§ 1172.6) in the remainder of the opinion. (See Stats. 2022, ch. 58, § 10.) Further statutory references are to the Penal Code unless noted.

Hallak, to give him money.[2] The gunman fired two shots. Jimmy Shaw, a cigar salesman who had been standing near Hallak, ran down an aisle to the back of the market. He heard more shots and the gunman repeating "give me the money." The gunman then went behind the counter and shot at employee Cleo Shivers, who had hit the floor when he heard the shots. Hallak died at the scene from multiple gunshot wounds. The incident was recorded on video.

During the police investigation, detectives interviewed Mark Vasquez, an acquaintance of Shears, and Shears's cousin Damion Waldon. They subsequently testified at trial about statements that Shears made to them, including that multiple people were involved in the robbery, his job was to act as lookout, and that the guy who shot Hallak gave him a gun stolen from Hallak. Detectives recovered a gun from Shears's apartment that Hallak's son identified as his father's gun. Shivers was unable to identify Shears in a lineup. Several years later, Virginia Gracia Shears (Mrs. Shears) reported contradictory statements by Shears about his role in the robbery, including both that he was, and was not, the shooter. At trial, she testified that Shears did not say that he was the shooter but that someone told her that he was present at the scene.

In 2013, the jury convicted Shears of one count of first degree murder (§ 187, subd. (a)), and found true a felony murder special circumstance pursuant to section 190.2, subdivision (a)(17) (i.e., he "was engaged in the commission and attempted commission of the crime of Robbery"). The jury also found Shears guilty of two counts of attempted murder (§§ 187, subd. (a),

---

[2] We take our summary of the underlying facts from our previous opinion in *People v. Shears* (Oct. 23, 2015, D065200) [nonpub. opn.] Because the facts are of limited relevance in this current appeal, our summary is brief.

189), and further found that, as to all three counts, he personally used a firearm within the meaning of section 12022.5, subdivision (a)(1). The court sentenced Shears to life in prison without the possibility of parole for the first degree murder count, and consecutive terms of life in prison with the possibility of parole for each attempted murder count.

A panel of this court affirmed Shears's convictions in *People v. Shears* (Oct. 23, 2015, D065200) [nonpub. opn.]

In January 2020, Shears filed a petition for resentencing under section 1170.26, which the People opposed. In November 2020, the trial court found that Shears had made a prima facie showing that he was entitled to relief, issued an order to show cause, and set a status conference to address a future hearing date. The People filed a supplemental response, arguing that the special circumstance finding rendered Shears ineligible for relief as a matter of law. Shears filed a reply, contending that *Banks* and *Clark* had interpreted relevant statutory language " 'in a significantly different, and narrower manner than courts had previously,' " and that the trial court could not deny relief based on his pre-*Banks* and *Clark* special circumstance finding.[3]

In February 2021, the trial court heard argument on Shears's petition. The court stated, in relevant part, "I do find that the jury had that fact that

---

[3] "*Banks* and *Clark* both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d)." (*Strong, supra,* 13 Cal.5th at p. 706; § 190.2, subd. (d) [for felony-murder special circumstance, aider and abettor must have been "major participant" and acted "with reckless indifference to human life"].) "*Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong,* at pp. 706-707.)

4

he was deemed to be the actual killer or that he was a major participant in the underlying crime who acted with a reckless disregard for life" (impliedly finding that this rendered Shears ineligible for relief), and disagreed that the decisions in *Banks* and *Clark* could have altered the outcome. The court reversed its November 2020 order, and denied the petition.

Shears filed a timely notice of appeal.

After the conclusion of briefing in this appeal, the California Supreme Court issued its decision in *Strong*, which we describe in the discussion section of this opinion. We requested that the parties file supplemental briefs addressing the impact of *Strong* on this appeal. In the People's supplemental brief, the People concede that, under *Strong*, the trial court erred in finding Shears ineligible for resentencing.

## III.

## DISCUSSION

A.    *Applicable law*

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*), citing Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill 1437 accomplished this goal, in part, by amending section 188, which defines malice, and section 189, which defines the degrees of murder. (Stats. 2018, ch. 1015, § 3.) The amended version of section 188 states: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice

5

aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Amended section 189, subdivision (e), states: "A participant in the perpetration or attempted perpetration of a felony listed in [section 189] subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] [or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill 1437 also enacted section 1172.6, which "creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, 11 Cal.5th at p. 957.) Under the current version of this section,[4] an offender must file a petition with the sentencing court alleging that: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at

---

[4] The section was amended by Senate Bill 775, effective January 1, 2022, to expand its scope and clarify procedure. (Stats. 2021, ch. 551, § 2.)

which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

The resentencing petition must include certain elements under subdivision (b), including a "declaration by the petitioner that the petitioner is eligible for relief . . . ." (§ 1172.6, subd. (b)(1).) If a petition satisfies these requirements, the trial court "proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief." (*Lewis, supra*, 11 Cal.5th at p. 960.)

If the court determines that a prima facie showing for relief has been made, it issues an order to show cause, and must hold a hearing "to determine whether to vacate the . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . ." (§ 1172.6, subd. (d)(1).) At this evidentiary hearing, the burden is "on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

B.    *Analysis*

Shears contends, in substance, that the trial court erred in denying his petition, because he established a prima facie case for relief under section 1172.6 and his pre-*Banks* and *Clark* special circumstance findings did not preclude such relief. The People concur, in light of *Strong*, and contend that the case should be remanded to the trial court with directions to issue an order to show cause and hold an evidentiary hearing. We agree.

In *Strong*, the defendant and an accomplice tried to rob a drug dealer. During the attempted robbery, the accomplice fatally shot the dealer's friend.

7

(*Strong, supra*, 13 Cal.5th at pp. 703-704.) In 2014, the defendant was convicted of various crimes, including first degree murder with multiple-murder and felony-murder special circumstances. (*Id.* at p. 704.) He later petitioned for resentencing under section 1172.6, and there, as here, the trial court denied relief based on the felony-murder special circumstance finding. (*Strong*, at p. 709.) The Court of Appeal affirmed, but acknowledged a split in the Courts of Appeal as to whether pre-*Banks* and *Clark* special circumstance findings barred resentencing. (*Ibid.*)

The California Supreme Court reversed, and resolved the split. The Court held that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437," even if "the trial evidence would have been sufficient to support the findings under *Banks* and *Clark.*" (*Strong, supra*, 13 Cal.5th at p. 710; see *id.* at pp. 706-707 [describing how *Banks* and *Clark* "substantially clarified" the law governing major participant and reckless indifference findings].) The Court explained that "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Id.* at p. 720; see *id.* at p. 718 [rejecting concern that prosecution had to prove major participation and reckless indifference twice; "[f]or petitioners with pre-*Banks*/*Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time"].)

Turning back to the case before us, we agree with the People that, "as in *Strong*, Shears's petition has never been reviewed under the new *Banks* and *Clark* standards," and reversal and remand for an order to show cause

8

and evidentiary hearing are therefore necessary.  Shears was convicted in 2013, prior to the decisions in *Banks* and *Clark*.  When Shears petitioned for resentencing, the trial court initially found that he had made a prima facie showing for relief, but later denied the petition based on the jury's pre-*Banks* and *Clark* special circumstance finding.  Under *Strong*, this was error.  We reverse the order denying Shears's petition and remand to the trial court with directions to issue an order to show cause and hold an evidentiary hearing.  We express no opinion as to the appropriate disposition after the hearing.

## DISPOSITION

The order denying the petition for resentencing under section 1172.6 is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and hold an evidentiary hearing.

AARON, Acting P. J.

WE CONCUR:

IRION, J.

BUCHANAN, J.

9